KEITH H. RUTMAN (CSB #144175)
Attorney at Law
402 West Broadway, Suite 2010
San Diego, California 92101-8516
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com

Attorney for Plaintiffs

FILED
08 MAY 30 AM 10: 25
CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CA...

BY: ECL    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANIEL T. BRUMFIELD, M.D., and
DAINA RYCKMAN,

        Plaintiffs,

v.

SDPD OFFICER MUNOZ,
SDPD OFFICER DAWSON,
SDPD OFFICER PIERCE,
SDPD OFFICER BOLLIG,
AMERICO A. ALBALA, M.D.,
MICHAEL E. MCMANUS, M.D.,
and DOES 1-20 inclusive,

        Defendants.

Case No. '08 CV 0958 WQH NLS

COMPLAINT FOR DAMAGES,
DEMAND FOR JURY TRIAL

COME NOW Plaintiffs DANIEL T. BRUMFIELD, M.D. and DAINA RYCKMAN and hereby allege:

This lawsuit for money damages is brought pursuant to the provisions of 42 U.S.C. § 1983 and pendant state law claims to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the Plaintiffs by, <u>inter alia</u>, the Fourth and/or Fourteenth Amendments to the Constitution of the United States and/or arising under the law and statutes of the State of California.

**JURISDICTION**

1.    Federal jurisdiction for the first four claims for relief is founded upon the existence of a federal question, the Civil Rights Act, 42 U.S.C. § 1983 and lies under 28 U.S.C. § 1331. The fifth claim for relief arises under the supplemental jurisdiction of this Court and lies

under 28 U.S.C. § 167.

## VENUE

2. Venue in the Southern District of California is proper because (1) the acts or omissions which form the basis of the Plaintiffs' claims occurred in this district and (2) the damages to Plaintiffs were experienced in this district.

## PARTIES

3. At all times relevant to this complaint, DANIEL T. BRUMFIELD, M.D. ("Dr. BRUMFIELD") was a citizen of the United States residing in San Diego County, California.

4. At all times relevant to this complaint, DAINA RYCKMAN ("RYCKMAN") was a citizen of the United States residing in San Diego County, California. She is the adult daughter of Dr. BRUMFIELD.

5. At all material times mentioned herein, Defendants SDPD OFFICER MUNOZ (#5600), SDPD OFFICER DAWSON (#6069), SDPD OFFICER PIERCE (#4549), and SDPD BOLLIG (#4565), were duly constituted law enforcement officers charged with administering and maintaining laws in the jurisdiction of the City of San Diego. As San Diego Police Officers, Defendants SDPD OFFICER MUNOZ (#5600), SDPD OFFICER DAWSON (#6069), SDPD OFFICER PIERCE (#4549), and SDPD OFFICER BOLLIG (#4565), were employees or agents of the City of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment.

6. The acts of Defendants SDPD OFFICER MUNOZ (#5600), SDPD OFFICER DAWSON (#6069), SDPD OFFICER PIERCE (#4549), and SDPD OFFICER BOLLIG were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California and the City of San Diego. Defendants SDPD OFFICER MUNOZ (#5600), SDPD OFFICER DAWSON (#6069), SDPD OFFICER PIERCE (#4549), and SDPD OFFICER BOLLIG are sued individually and in their capacity as peace officers for the City of San Diego. Defendants SDPD OFFICER MUNOZ (#5600), SDPD OFFICER DAWSON (#6069), SDPD OFFICER PIERCE (#4549), and SDPD OFFICER BOLLIG are collectively referred to herein as the "Police Officer Defendants."

7. Plaintiffs are informed and believe and therefore allege that at all times mentioned herein Defendant AMERICO A. ALBALA, M.D. ("ALBALA") was a licensed medical doctor. Plaintiffs are informed and believe and therefore allege that ALBALA specializes in the treatment of mental health disorders and is board certified in his specialties.

8. Plaintiffs are informed and believe and therefore allege that at all times mentioned herein Defendant MICHAEL E. MCMANUS, M.D. ("McMANUS") was a licensed medical doctor. Plaintiffs are informed and believe and therefore allege that MCMANUS specializes in the treatment of mental health disorders and is board certified in his specialties.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1-20 are unknown to Plaintiffs, who therefore sue said Defendants by said fictitious names. Plaintiffs will amend this complaint to show said Defendant's true names and capacities when the same have been ascertained. Plaintiffs are informed and believes and thereon allege that all Defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

10. Prior to the filing of this Complaint and on or about February 5, 2008 Plaintiff BRUMFIELD complied with the requirements of California Civil Code § 364 as it relates to the allegations brought against Defendants AMERICO A. ALBALA, M.D. and MICHAEL E. MCMANUS, M.D.

**GENERAL ALLEGATIONS**

11. Dr. DANIEL T. BRUMFIELD is a well known and well respected local psychiatrist who retired some 10 years ago after approximately 40 years of practice, which included, inter alia, several years at County Mental Health (CMH). He and his wife Deanne have lived in San Diego since 1962, where they raised their family and he built his practice. They live on an 8 acre horse ranch located east of Highway 5 and south of Route 56. This area is sparsely populated and is home to several large working/horse ranches, and is frequented by large populations of day laborers and transient workers, many of whom are undocumented aliens.

12. According to the ARJIS (Automated Regional Justice Information Systems) CRIME

1 | MAPS website) www.sandiego.gov/police/stats), the most common crimes committed in the
2 | area of the BRUMFIELD's residence are residential burglary, malicious mischief/vandalism,
3 | and theft.
4 | 13.   Due to warnings from several neighbors about suspicious activity in the area, which
5 | they took seriously, the BRUMFIELDs had their locks changed in mid-April 2007.
6 | 14.   On or about May 28, 2007 between 2:30 and 3:00 a.m., Dr. BRUMFIELD suffered a
7 | hypnogogic episode and awoke believing an intruder was in his home, specifically his
8 | bedroom. Mrs. Brumfield called the police for help, reported recent harassment in the area,
9 | and explained the general nature of her concerns. Because they were using outdated
10 | computer maps which did not reflect that the name of their street had been changed from
11 | Shaw Ridge Road to Del Mar Mesa Road 6 or 7 years earlier, the police eventually arrived,
12 | investigated and left after finding no evidence of an intruder. The BRUMFIELDs advised the
13 | responding officers that they had a firearm in their home for protection. The officers
14 | acknowledged this fact and left without taking any action vis a vis either Dr. BRUMFIELD or
15 | his weapon(s). This episode was later determined to be a transient hypnogogic
16 | hallucination of no clinical significance.
17 | 15.   The next afternoon, on May 28, 2007, while his wife was away running errands, Dr.
18 | BRUMFIELD had been exposed to a significant quantity of indoor insect fogger and needed
19 | medical assistance. At approximately 3:00 p.m., he called 911 for help.
20 | 16.   Mrs. BRUMFIELD arrived home while her husband was on the telephone with the
21 | 911 operator. Taking the phone from her husband, she calmly related that, consistent with
22 | their call earlier that morning, he believed a stranger had entered their home.
23 | 17.   During the 911 call, when asked if there were any guns in the house, she responded
24 | yes there was a gun in their home, just as they had told the officers who responded earlier
25 | that morning. She did not report that her mentally ill husband was armed with a gun, just
26 | that he had one, she was not afraid that he would hurt him (or anyone else) with it, and that
27 | she would see that it was stored away before the police arrived. However, once she saw
28 | the police helicopter overhead, and expressed her concern about the police overreaction,

1  the dispatcher told her **not** to go back inside and direct Dr. BRUMFIELD to leave the toy
2  gun inside. He told her to wait outside for the police.
3  18.    Mrs. Brumfield did express a concern there was something physically wrong with her
4  husband and specifically referenced the strong odor of indoor bug fogger. Based upon his
5  behavior she became concerned that Dr. BRUMFIELD had been exposed to a toxic level of
6  indoor insect fogger. This chemical exposure caused what was later diagnosed as a
7  transient episode of delirium with no clinical significance.
8  19.    Rather than send medical attention, in a classic case of overreaction, the police
9  department showed up in full force, with 6 squad cars, a canine unit, and a helicopter
10 hovering overhead. (Again, they had some problems locating the residence due to their
11 outdated mapping system, and Mrs. Brumfield had to go down the driveway to direct the
12 police to the correct address). Guns drawn, the helicopter ordered Dr. BRUMFIELD to come
13 out of his house as if he were an armed fugitive. When Dr. BRUMFIELD calmly walked
14 outside to talk to them, Defendants MUNOZ, DAWSON and PIERCE swarmed over him,
15 and despite his protests that he had previously injured his shoulder, they applied clearly
16 excessive force and tore his rotator cuff, requiring surgery. This caused him, his wife, and
17 his daughter to become upset. Most importantly, he was not armed with a gun. The real
18 gun was on top of a dresser in their bedroom; a toy gun remained in the kitchen.
19 20.    Curious about the massive police presence which was disrupting her lunch with her 9
20 year old daughter and husband, Ms. RYCKMAN wandered down the driveway with one of
21 her dogs while this incident was underway. Due to the helicopter hovering overhead, she
22 was unable to hear the explanations/commands of the officers to restrain her dog.
23 Concerned about the struggle between her father and the police officers trying to forcibly
24 subdue him, she told the police officers to be careful because her father had previously
25 suffered a heart attack. As a result, Defendants PIERCE and BOLLIG placed her in
26 handcuffs and told her she was under arrest for violating Penal Code § 148 (obstructing a
27 police officer)  She was detained in a police car for an unknown period of time before being
28 released. She was not booked or subsequently charged. Her parents both saw her taken

into custody when she was doing nothing more than trying to see what on earth was going on.

21.  Rather than listen to Mrs. BRUMFIELD's explanations (by then she <u>was</u> hysterical due to the behavior of the police) and those of her daughter, and ignoring her request for immediate transport to Scripps Encinitas for a toxicology examination, the police, acting under the authority of Welfare and Institutions Code § 5150, took Dr. BRUMFIELD to County Mental Health (CMH), where he used to work.  They refused to allow Mrs. BRUMFIELD to accompany her husband to CMH so that she could provide accurate and complete information about what had occurred and what his symptoms were.  When she arrived at CMH with her daughter, she again requested he be medically evaluated and given a toxicology screening.  Her requests were ignored.

22.  Upon arrival at CMH, Dr. BRUMFIELD was deemed unsuitable for treatment there and transported to Aurora Behavioral Health.

23.  At Aurora, he was initially placed in the care of Defendant McMANUS, who failed to properly investigate the facts which led to his commitment.  Specifically, it was reported that Dr. BRUMFIELD had (1) barricaded Mrs. BRUMFIELD in the house; (2) discharged 3 cherry bombs inside the home; and (3) discharged a firearm in the house.  None of these things happened.  None of these facts are in the police reports, but they do appear in the medical records, suggesting the police orally stated these things to medical personnel, but were unwilling to commit them to writing.  Moreover, Mrs. BRUMFIELD and other family members advised medical personnel that theses facts were incorrect, but their explanations and statements were ignored.

24.  Notwithstanding the fact that the admitting diagnosis ruled out (at least as far as Axis I is concerned) delusional disorder, dementia with delusions, and major depressive disorder with psychosis, on May 31, 2008, after the initial 72 hour hold had expired, Defendant McMANUS authorized Dr. BRUMFIELD to be held for an additional 14 days. He certified to the Superior Court that Dr. BRUMFIELD was a danger to others; deemed him gravely disabled as defined by Welfare & Institutions Code § 5008, and stated the "specific facts

which form the basis for our opinion" are "paranoid, delusional marginally demential, discharged firearms at home, threatening and agitated." These are not facts but rather unjustified conclusions lacking in either factual or legal support.

25. At Aurora, Dr. BRUMFIELD received no treatment for either chemical exposure or a torn rotator cuff.

26. Once Defendant McMANUS improperly certified that Dr. BRUMFIELD was suitable for a 14 day hold, he was delivered to the care of Defendant ALBALA.

27. Defendant ALBALA continued to detain Dr. BRUMFIELD until June 7, 2008, prior to the expiration of the 14 day hold him when it became apparent he had been misdiagnosed and was not a danger to himself or others or that he was delusional or suffering from any other mental illness. Notwithstanding the lack of evidence, Defendant ALBALA concluded in his discharge diagnosis that Dr. BRUMFIELD was suffering from (on Axis I) "Dementia with Delusions Features of Unknown Etiology." Had Defendant ALBALA properly investigated the underlying facts and properly examined, treated and diagnosed Dr. BRUMFIELD, he would have released Dr. BRUMFIELD immediately.

28. As part of his discharge plan, Defendant ALBALA prescribed a number of medications, including Resperdol (an anti-psychotic medication), which Dr. BRUMFIELD could not safely take due to the fact that he had previously suffered a heart attack. This particular medication caused a number of side effects, including a persistent rash. Upon cessation of the Resperdol, the side effects, including the rash, disappeared. Defendant ALBALA did not properly disclose the risks associated with any of these medications to Dr. BRUMFIELD's wife, whom Defendant ALBALA relied upon to administer the medications.

29. Subsequent to his release, Dr. BRUMFIELD was evaluated by Dr. Stephen F. Signer, M.D. CM, who opined (1) Dr. BRUMFIELD was not suffering from any mental illness and (2) there was no medical reason why Dr. BRUMFIELD cannot possess a firearm and his doing so "would not likely result in endangering himself or others."

30. Subsequent to his release, Dr. BRUMFIELD also had to have his torn rotator cuff surgically repaired.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## (UNREASONABLE (WARRANTLESS) SEIZURE)
### By Plaintiff BRUMFIELD against Defendants MUNOZ, DAWSON and PIERCE

31. Plaintiffs refer to and incorporate by reference all prior paragraphs as though fully set forth herein.

32. In committing the acts alleged herein, Defendants MUNOZ, DAWSON and PIERCE and DOES 1-10 violated, without probable cause, consent, exigent circumstances or other defense, Plaintiff's clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure in his person from unreasonable government intrusion, including an unreasonable seizure, to wit, a warrantless detention and arrest. These rights were clearly established at the time. For these reasons, Plaintiff is entitled to recover damages pursuant to Title 42 U.S.C. §1983, et seq.

33. A reasonably prudent officer would have known that Plaintiff was not subject to either arrest, detention, or a mental health commitment pursuant to California Welfare & Institutions Code § 5150.

34. By reason of the acts alleged above, Plaintiff did sustain great emotional distress and shock and injury to his person and nervous system, all to Plaintiff's damages in an amount to be proven at trial.

35. As a direct and proximate result of the acts and omissions alleged herein, Plaintiff is entitled to general and special damages from Defendants MUNOZ, DAWSON and PIERCE and DOES 1-10 in an amount to be proven at trial.

36. In doing the acts alleged herein Defendants MUNOZ, DAWSON and PIERCE and DOES 1-10 acted maliciously and with reckless and callous disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

///
///
///

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## (UNREASONABLE SEIZURE: EXCESSIVE FORCE)
### By Plaintiff BRUMFIELD against Defendants MUNOZ, DAWSON and PIERCE

37. Plaintiffs refer to and incorporate by reference all prior paragraphs as though fully set forth herein.

38. In committing the acts alleged herein, Defendants MUNOZ, DAWSON and PIERCE and DOES 1-10 violated, without any defense, Plaintiff's clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure in his person from the use of unreasonable and excessive force, in that the force applied to arrest/detain Plaintiff was in contravention of constitutional and statutory duty, was in excess of any force required to address the circumstances, was grossly out of proportion to any need for force, was not employed in good faith, and was intended and substantially certain to cause serious bodily injury. These rights were clearly established at the time. For these reasons, Plaintiff is entitled to recover damages pursuant to Title 42 U.S.C. §1983, et seq.

39. A reasonably prudent officer would have known that Plaintiff was not subject to excessive force.

40. By reason of the acts alleged above, Plaintiff did sustain great emotional distress and shock and injury to his person and nervous system, all to Plaintiff's damages in an amount to be proven at trial.

41. As a direct and proximate result of the acts and omissions alleged herein, Plaintiff is entitled to general and special damages from Defendants MUNOZ, DAWSON and PIERCE and DOES 1-10 in an amount to be proven at trial.

42. In doing the acts alleged herein Defendants MUNOZ, DAWSON and PIERCE and DOES 1-10 acted maliciously and with reckless and callous disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

///

///

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (UNREASONABLE (WARRANTLESS) SEIZURE)
### By Plaintiff DAINA RYCKMAN against Defendants PIERCE and BOLLIG

43. Plaintiffs refer to and incorporate by reference all prior paragraphs as though fully set forth herein.

44. In committing the acts alleged herein, Defendants PIERCE and BOLLIG and DOES 1-10 violated, without probable cause, consent, exigent circumstances or other defense, Plaintiff's clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure in her person from unreasonable government intrusion, including an unreasonable seizure, to wit, a warrantless detention and arrest. These rights were clearly established at the time. For these reasons, Plaintiff is entitled to recover damages pursuant to Title 42 U.S.C. §1983, et seq.

45. A reasonably prudent officer would have known that Plaintiff was not subject to arrest or detention.

46. By reason of the acts alleged above, Plaintiff did sustain great emotional distress and shock and injury to her person and nervous system, all to Plaintiff's damages in an amount to be proven at trial.

47. As a direct and proximate result of the acts and omissions alleged herein, Plaintiff is entitled to general and special damages from Defendants PIERCE and BOLLIG and DOES 1-10 in an amount to be proven at trial.

48. In doing the acts alleged herein Defendants PIERCE and BOLLIG and DOES 1-10 acted maliciously and with reckless and callous disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (UNREASONABLE SEIZURE: EXCESSIVE FORCE)
### By Plaintiff DAINA RYCKMAN against Defendants PIERCE and BOLLIG

49. Plaintiffs refer to and incorporate by reference all prior paragraphs as though fully set forth herein.

50. In committing the acts alleged herein, Defendants PIERCE and BOLLIG and DOES 1-10 violated, without any defense, Plaintiff's clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure in her person from the use of unreasonable and excessive force, in that the force applied to arrest/detain Plaintiff was in contravention of constitutional and statutory duty, was in excess of any force required to address the circumstances, was grossly out of proportion to any need for force, was not employed in good faith, and was intended and substantially certain to cause serious bodily injury. These rights were clearly established at the time. For these reasons, Plaintiff is entitled to recover damages pursuant to Title 42 U.S.C. §1983, et seq.

51. A reasonably prudent officer would have known that Plaintiff was not subject to excessive force.

52. By reason of the acts alleged above, Plaintiff did sustain great emotional distress and shock and injury to her person and nervous system, all to Plaintiff's damages in an amount to be proven at trial.

53. As a direct and proximate result of the acts and omissions alleged herein, Plaintiff is entitled to general and special damages from Defendants PIERCE and BOLLIG and DOES 1-10 in an amount to be proven at trial.

54. In doing the acts alleged herein Defendants PIERCE and BOLLIG and DOES 1-10 acted maliciously and with reckless and callous disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**Professional Negligence - Medical Malpractice**
**By Plaintiff BRUMFIELD against Defendants ALBALA and McMANUS only**

55. Plaintiffs refer to and incorporate by reference all prior paragraphs as though fully set forth herein.

56. As previously mentioned, Defendants ALBALA and McMANUS and DOES 11-20 are and at all times relevant hereto were physicians duly licensed to practice medicine in the State of California and doing business in the County of San Diego. Specifically, Plaintiffs

are informed and believe and therefore allege that both specialize in the treatment of mental health disorders and are board certified in their specialties.

57. Defendants ALBALA and McMANUS and DOES 11-20 undertook the care and treatment of Dr. BRUMFIELD and rendered professional services in the diagnosis, care and treatment of Dr. BRUMFIELD as alleged herein.

58. At alleged herein, Defendants ALBALA and McMANUS and DOES 11-20 failed to exercise the proper degree of knowledge and skill and so negligently treated, provided care, monitoring, examination, and other professional services in that, among other things, they failed to adequately and properly diagnose and treat Dr. BRUMFIELD, resulting in his unlawful and unjustified (continued) imprisonment in a mental health facility.

59. As a direct, proximate and foreseeable result of Defendants ALBALA and McMANUS and DOES 11-20's breach of their duty of care, Dr. BRUMFIELD suffered legal damages in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For general and compensatory damages against Defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendants MUNOZ, DAWSON, PIERCE and BOLLIG in an amount to be proven at trial to the extent allowable by law;

3. For costs of suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and

4. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action.

Respectfully Submitted,

Dated: May 30, 2008

KEITH H. RUTMAN
Attorney for Plaintiffs
Email: krutman@krutmanlaw.com

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL T. BRUMFIELD, M.D. and DAINA RYCKMAN

## DEFENDANTS
SDPD OFFICER MUNOZ, SDPD OFFICER DAWSON, SDPD OFFICER PIERCE, SDPD OFFICER BOLLIG,

**(b)** County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Keith H. Rutman, 402 W. Broadway, Suite 2010 San Diego, CA. 92101-8516; (619) 237-9072

Attorneys (If Known) **08 CV 0958 WQH NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC SECTION 1983
Brief description of cause:
WARRANTLESS SEIZURE, UNREASONABLE SEIZURE/EXCESSIVE FORCE, MEDICAL

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/30/08

SIGNATURE OF ATTORNEY OF RECORD /s/ Keith H. Rutman, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # 151379  AMOUNT 350.—  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

5/30/08

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       #  151379     -  SR

           May 30, 2008
             10:38:09


          Civ Fil Non-Pris
USAO #.: 08CV0958
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC#69199



       Total->   $350.00


FROM: BRUMFIELD V. SDPD OFFICER ET A
      CIVIL FILING
```