DENNIS K. AMES, ESQ. Bar No. 81460
JOHN C. LENDER, ESQ. Bar No. 221733
LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES
2677 N. Main Street, Suite 901
Santa Ana, CA 92705
(714) 558-7008

Attorneys for Defendant,
AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL T. BRUMFIELD, M.D. and DAINA RYCKMAN,<br><br>Plaintiffs,<br><br>v.<br><br>SDPD OFFICER MUNOZ, SDPD OFFICER DAWSON, SDPD OFFICER PIERCE, SDPD OFFICER BOLLIG, AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D., and DOES 1-20 inclusive,<br><br>Defendants. | CASE NO. 08 CV 0958WQH NLS<br><br>*Assigned for All Purposes to:*<br>Honorable William Q. Hayes<br>Courtroom 4<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D., FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)**<br><br>**DATE: August 25, 2008**<br>**TIME: 11:00 a.m.**<br>**Courtroom 4**<br>No oral argument unless requested by the Court |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 25, 2008 at 11:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 4 of the above-entitled Court, located at 940 Front Street, San Diego, California, defendants, AMERICO A. ALBALA, M.D. and MICHAEL E. MCMANUS, M.D. (Hereinafter "Dr. ALBALA" "Dr. MCMANUS") will and hereby do move the Court to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to FRCP 12(b)(6).

NOTICE OF MOTION AND MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This Motion will be based upon this Notice, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED: June 30, 2008

LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES

BY: /S/ JOHN C. LENDER

DENNIS K. AMES
JOHN C. LENDER
Attorneys for Defendants,
AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D.

NOTICE OF MOTION AND MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
2

**PROOF OF SERVICE**
(C.C.P. §1013(a) and §2015.5)

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

I, am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of La Follette, Johnson, De Haas, Fesler & Ames, 2677 N. Main Street, Suite 901, Santa Ana, California 92705.

On June 30, 2008, I served the within document entitled **NOTICE OF MOTION AND MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)** on all interested parties in this action by placing [ ] the original [ X ] a true copy thereof, enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

[ X] **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[X] This document was transmitted by electronic transmission from jlender@ljdfa.com and the transmission was reported as complete and without error. I then caused the transmitted e-mail account to properly issue a report confirming the electronic transmission.

[ ] **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the office(s) of the addressee(s).

[ ] **VIA FACSIMILE** - I transmitted to the above-named person(s), at the FAX number(s) listed above, the above-named document, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported.

[ ] **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 30, 2008, at Santa Ana, California.

Linda Hall
LINDA HALL

NOTICE OF MOTION AND MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
3

# MAILING LIST

| | |
|---|---|
| KEITH H. RUTMAN, ESQ.<br>402 West Broadway, Suite 2010<br>San Diego, CA 92101-8516<br><br>Telephone: (619) 237-9072<br>Facsimile: (760) 454-4372 | Attorney for Plaintiffs:<br>**DANIEL T. BRUMFIELD, M.D., and DAINA RYCKMAN**<br><br>Krutman@krutmanlaw.com |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |



DENNIS K. AMES, ESQ. Bar No. 81460
JOHN C. LENDER, ESQ. Bar No. 221733
LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES
2677 N. Main Street, Suite 901
Santa Ana, CA 92705
(714) 558-7008

Attorneys for Defendant,
AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DANIEL T. BRUMFIELD, M.D. and DAINA RYCKMAN,

Plaintiffs,

v.

SDPD OFFICER MUNOZ, SDPD OFFICER DAWSON, SDPD OFFICER PIERCE, SDPD OFFICER BOLLIG, AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D., and DOES 1-20 inclusive,

Defendants.

CASE NO. 08 CV 0958WQH NLS

*Assigned for All Purposes to:*
Honorable William Q. Hayes
Courtroom 4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D., FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)**

**DATE: August 25, 2008**
**TIME: 11:00 a.m.**
**Courtroom 4**
No oral argument unless requested by the Court

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff Brumfield brings this action against moving defendants Dr. Albala and Dr. McManus, in relation to Plaintiff Brumfield's alleged psychiatric detention and treatment, pursuant to California Welfare and Institutions Code § 5150. This action is not proper as to moving defendants, pursuant to immunities as set forth in California Welfare and Institutions

Code §§ 5154, 5278, *Heater v. Southwood Psychiatric* (1996) 42 Cal.App.4th 1068.

## II.

## FACTUAL BACKGROUND

### A. Parties, allegations and causes of action

Plaintiffs, Daniel Brumfield, M.D. (Hereinafter "Brumfield") and Daina Ryckman (Hereinafter "Ryckman") bring this action, naming moving defendants, Dr. Albala and Dr. McManus, in addition to four Police Officers as defendants: Officer Munoz, Officer Dawson, Officer Pierce, and Officer Bollig. Plaintiffs cite various causes of action against the four Police Officers, including a cause of action under 42 U.S.C. § 1983 for unreasonable, warrantless seizure, and excessive force. Concerning defendants Dr. Albala and Dr. McManus, plaintiffs cite a cause of action for Professional Negligence - Medical Malpractice. (See Complaint, Pages 11-12). Plaintiffs allege that Dr. Albala was a licensed medical doctor, specializing in the treatment of mental health disorders and is board certified in his specialties. (Complaint, Page 3, lines 2-4) Plaintiffs allege that defendant Dr. McManus was a licensed medical doctor, specializing in the treatment of mental health disorders and is board certified in his specialties. (Complaint, Page 3, lines 5-8).

As to the defendant Police Officers, plaintiff Brumfield alleges that "a reasonably prudent officer would have known that plaintiff was not subject to either arrest, detention, or a mental health commitment pursuant to California Welfare & Institutions Code § 5150." (Complaint, Page 8, lines 13-15).

Plaintiffs also allege that defendants Dr. Albala and Dr. McManus "failed to exercise the proper degree of knowledge and skill and so negligently treated, provided care, monitoring, examination, and other professional services in that, among other things, they failed to adequately and properly diagnose and treat Dr. Brumfield, resulting in his unlawful and unjust (continued) imprisonment in a mental health facility." (Complaint, Page 12, lines 6-10).

### B. Calls to the police

Plaintiffs claim that on or around May 28, 2007 between 2:30 a.m. and 3:00 a.m., plaintiff Brumfield "suffered a hypnogogic episode and awoke believing an intruder was in his

home, specifically his bedroom." (See Complaint, Page 4, lines 6-8). The Brumfields allegedly told the responding Police Officers that there was a firearm in the house for protection. (See Complaint, Page 4, line 12-13). Plaintiffs claim that "this episode was later determined to be a transient hypnogogic hallucination of no clinical significance." (Complaint, Page 4, lines 15-16). Plaintiffs assert that the following afternoon, plaintiff Brumfield "had been exposed to a significant quantity of indoor insect fogger and needed medical assistance. At approximately 3:00 p.m., he called 911 for help." (Complaint, Page 4, lines 18-19). Plaintiff alleges that plaintiff Brumfield's wife, Mrs. Brumfield, informed the 911 operator that there was a gun in the house. (Complaint, Page 4, lines 23-24).

Plaintiffs claim that the Police eventually arrived at plaintiff's house, and that the Police Department responded "in a classic case of overreaction." (Complaint, Page 5, line 8). Plaintiffs make various allegations concerning the arrest of plaintiff, Brumfield, as well as the alleged detainment of Brumfield's daughter, plaintiff Daina Ryckman. (Complaint, Page 5).

**C. Brumfield's treatment pursuant to Welfare and Institutions Code § 5150**

The Complaint alleges that plaintiff Brumfield was taken by the police to the County Mental Health Facility, under their authority pursuant to Welfare and Institutions Code § 5150. (Complaint, Page 6, lines 5-6) Brumfield was then allegedly transported to Aurora Behavioral Health. (Complaint, Page 6, lines 12-13)

The Complaint alleges that plaintiff Brumfield was initially placed in the care of defendant Dr. McManus at Aurora, and plaintiffs allege that Dr. McManus "failed to properly investigate the facts which led to his commitment." (Complaint, Page 6, lines 14-15). Plaintiffs also allege that Dr. McManus was given facts which were not accurate, that plaintiff Brumfield had "(1) barricaded Mrs. Brumfield in the house; (2) discharged three cherry bombs inside the home; and (3) discharged a firearm in the house." (Complaint, Page 6, lines 15-17). Plaintiffs further allege that . . . "on May 31, 2008, after the initial 72 hour hold had expired, defendant, McManus authorized Dr. Brumfield to be held for an additional 14 days." (Complaint, Page 6, line 25-26).

Plaintiffs allege that Brumfield was eventually treated by Dr. Albala. (Complaint, Page 7,

lines 6-7). Plaintiffs allege that Brumfield had been misdiagnosed, and that "notwithstanding the lack of evidence, Defendant ALBALA concluded in his discharge diagnosis that Dr. BRUMFIELD was suffering from (on Axis 1) 'Dementia with Delusions Features of Unknown Etiology.'" (Complaint, Page 7, lines 11-13). Plaintiff's allege that "Had Defendant ALBALA properly investigated the underlying facts and properly examined, treated and diagnosed Dr. BRUMFIELD, he would have released Dr. BRUMFIELD immediately." (Complaint, Page 7, lines 13-15)

Plaintiffs also allege that Dr. Albala, as part of his discharge plan, prescribed a number of medications including Resperdol (an anti-psychotic medication), which Brumfield allegedly could not safely take due to a prior heart attack. (Complaint, Page 7, lines 16-18). Plaintiff Brumfield alleges that "this particular medication caused of a number of side effects, including a persistent rash." (Complaint, Page 7, lines 18-19).

**III.**

**THE COURT HAS AUTHORITY TO DISMISS AN ACTION PURSUANT TO FRCP 12(b)(6) WHEN A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

"Dismissal can be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department* 910 F.2d 696, 699 (9th Circuit, 1990). A 12(b)(6) Motion to Dismiss is appropriate when a Complaint asserts conclusory allegations and/or legal characterizations, or when unreasonable inferences are stated in a Complaint. *In re Delorean Motor Co.* 991 F.2d 1236, 1240, (6th Circuit, 1993). There is no requirement for the court to "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Circuit, 1996).

IV.

PLAINTIFF'S CAUSE OF ACTION FOR MEDICAL MALPRACTICE AGAINST DEFENDANTS DR. ALBALA AND DR. MCMANUS IS PRECLUDED BY THE WELFARE & INSTITUTIONS CODE

**A. Persons who are dangerous to themselves or to others, as the result of a mental disorder, may be placed in a facility and detained for 72 hours, up to 14 Days**

Welfare & Institutions Code § 5150 provides in pertinent part that:

> "When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, member of the attending staff, as defined by regulation, of an evaluation facility designated by the County, designated members of a mobile crisis team provided by section 5651.7, or other professional person designated by the County may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the County approved by the State Department of Mental Health as a facility for 72 hour treatment and evaluation. . . ."

Welfare & Institutions Code § 5152 provides in pertinent part that:

> "(a) Each person admitted to a facility for 72 hour treatment and evaluation under the provisions of this article shall receive an evaluation as soon as possible after he or she is admitted and shall receive whatever treatment and care his or her condition requires for the full period that he or she is held. The person shall be released before 72 hours have elapsed only if the psychiatrist directly responsible for the person's treatment believes, as a result of the psychiatrist's personal observations, that the person no longer requires evaluation or treatment. . . ."

Welfare & Institutions Code § 5250 provides in pertinent part that:

> "If a person is detained for 72 hours . . . and has received an evaluation, he or she may be certified for not more than 14 days of intensive treatment related to the mental disorder or impairment by chronic alcoholism, under the following conditions:
>
> (a) The professional staff of the agency or facility providing evaluation services has analyzed the person's condition and has found the person is, as a result of mental disorder or impairment by chronic alcoholism, a danger to others, or to himself or herself, or gravely disabled. . . .

**B. Defendants Dr. Albala and Dr. McManus are exempt from liability, pursuant to Welfare & Institutions Code Section 5154, and Section 5278**

Welfare & Institutions Code § 5154 provides in pertinent part that:

> (a) Notwithstanding Section 5113, if the provisions of 5152 have been met, the professional person in charge of the facility providing 72 hour treatment and evaluation, his or her designee, the medical director of the facility or his or her designee described in Section 5152, the **psychiatrist** directly responsible for the person's treatment, or the **psychologist shall not be held civilly or criminally liable** for any action by a person released before the end of 72 hours pursuant to this article. (emphasis added)
>
> (b) The professional person in charge of the facility providing 72 hour treatment and evaluation, his or her designee, the medical director of the facility or his or her designee described in Section 5152, the **psychiatrist** directly responsible for the person's treatment, or the **psychologist shall not be held civilly or criminally liable** for any action by a person released at the end of the 72 hours pursuant to this article. . . ." (emphasis added)

Welfare & Institutions Code § 5278 provides that:

> "Individuals authorized under this part to detain a person for 72 hour treatment and evaluation pursuant to Article 1 (Commencing with Section 5150) or Article 2 (Commencing with Section 5200), or to certify a person for intensive treatment pursuant to Article 4 (Commencing with Section 5250) or Article 4.5 (Commencing with Section 5260) or Article 4.7 (Commencing with Section 5270.10) or to file a petition for post certification treatment for a person pursuant to Article 6 (Commencing with Section 5300) **shall not be held either criminally or civilly liable for exercising this authority in accordance with the law.**" (emphasis added)

Courts have interpreted these statutes, and have held that a psychiatric patient cannot bring a medical malpractice action against a psychiatric provider when detained for treatment pursuant to Welfare and Institutions Code § 5150. These immunities were discussed in detail in *Heater v. Southwood Psychiatric Center* (1996) 42 Cal.App.4th 1068. In *Heater*, a psychiatric patient who was involuntarily detained sued the psychiatric center and the individuals who detained him for medical malpractice, along with other causes of action. The court held that the defendants were immune from liability, and the action was dismissed. In *Heater*, the plaintiff was initially admitted to the facility for a 72 hour detention period, pursuant to Welfare & Institutions Code § 5150. (Id., Page 1076). The treating psychiatrist eventually recommended that the plaintiff be placed on a 14-day hold, pursuant to Section 5250. (Id., Page 1077). Plaintiff was given a tranquilizer by injection while in restraints, because plaintiff had been highly agitated. (Id., Page 1076). Concerning plaintiff's cause of action for medical malpractice,

the court in *Heater* specifically held as follows:

> "Section 5278 states that individuals authorized to detain 'shall not be held either criminally or civilly liable for exercising this authority in accordance with the law.' *Heater's* last argument is that in some manner civil liability for malpractice is thereby precluded. Not so.
>
> First, the fact that the persons in question 'shall not be held . . . civilly liable for exercising that authority in accordance with the law' on its face precludes *Heater's* assertion; obviously, being liable for medical malpractice is but one form of being 'civilly liable.' Second, while *Heater* points to various government code sections dealing with public employee immunity and liability, as *Heater* also admits, these statutes are 'not applicable to the defendants in the instant matter.'
>
> It is also correct, as pointed out by Southwood, that Section 5278's immunity extends to the detention of persons for '*treatment* and evaluation.' (Italics added). When read together with Section 5152, which itself mandates treatment be provided to involuntary detainees, **no other conclusion is possible than that Section 5278 means precisely what it says it means, and that civil liability, whether for battery, for false imprisonment, or for medical malpractice is precluded insofar as the detention is 'in accordance with the law.'** As we have concluded above, *Heater's* detention was lawful, his claim must be rejected in this respect also." (Id., Page 1083). (emphasis added)

An exception to these immunities was discussed in *Jacobs v. Grossmont Hospital* (2003) 108 Cal.App.4th 69, where the plaintiff allegedly tripped and fell and broke her leg while she was involuntarily held at a mental health facility. Plaintiff was able to pursue causes of action for professional negligence and premises liability against the hospital. However, plaintiff's action was allowed to proceed because plaintiff's alleged injuries were the result of the defendants' failure to use due care in administering plaintiff's course of treatment. (Id., Page 80). *Jacobs* is easily distinguishable from *Heater* and from the case presently before the Court, in that the plaintiff in *Jacobs* had pursued causes of action for professional negligence and premises liability resulting from a trip and fall injury, as opposed to a medical malpractice cause of action for psychiatric treatment.

In this case, plaintiff Brumfield's allegations against defendants Dr. Albala and Dr. McManus are directly related to the medical treatment allegedly received by plaintiff Brumfield during his alleged detention at the subject facility. The statutory immunities and case law interpretation are clear, that the psychiatrist and/or psychologist responsible for the detained patient's treatment shall not be held civilly or criminally liable.

V.

**CONCLUSION**

Therefore, defendants Dr. Albala and Dr. McManus respectfully request that this court dismiss this action as to these two defendants, pursuant to FRCP 12(b)(6).

DATED: June 30, 2008

LA FOLLETTE. JOHNSON, DE HAAS, FESLER & AMES

/S/ JOHN C. LENDER

BY:______________________________

DENNIS K. AMES
JOHN C. LENDER
Attorneys for Defendants,
AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D.

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**PROOF OF SERVICE**
(C.C.P. §1013(a) and §2015.5)

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

I, am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of La Follette, Johnson, De Haas, Fesler & Ames, 2677 N. Main Street, Suite 901, Santa Ana, California 92705.

On June 30, 2008, I served the within document entitled **MEMORANDUM OF POINTS AND AUTHORITIES ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)** on all interested parties in this action by placing [ ] the original [ X ] a true copy thereof, enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

[X] **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[X] This document was transmitted by electronic transmission from jlender@ljdfa.com and the transmission was reported as complete and without error. I then caused the transmitted e-mail account to properly issue a report confirming the electronic transmission.

[ ] **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the office(s) of the addressee(s).

[ ] **VIA FACSIMILE** - I transmitted to the above-named person(s), at the FAX number(s) listed above, the above-named document, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported.

[ ] **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 30, 2008, at Santa Ana, California.

Linda Hall
LINDA HALL

**MAILING LIST**

| KEITH H. RUTMAN, ESQ.<br>402 West Broadway, Suite 2010<br>San Diego, CA 92101-8516<br><br>Telephone: (619) 237-9072<br>Facsimile: (760) 454-4372 | Attorney for Plaintiffs:<br>**DANIEL T. BRUMFIELD, M.D., and DAINA RYCKMAN**<br><br>Krutman@krutmanlaw.com |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |