1 | MICHAEL J. AGUIRRE, City Attorney
  | JANE M. BOARDMAN, Deputy City Attorney
2 | California State Bar No. 241799
  |     Office of the City Attorney
3 |     1200 Third Avenue, Suite 1100
  |     San Diego, California 92101-4100
4 |     Telephone: (619) 533-5800
  |     Facsimile: (619) 533-5856
5 |     Email: jboardman@sandiego.gov
  | Attorneys for Defendants
6 | SDPD OFFICER MUNOZ,
  | SDPD OFFICER DAWSON,
7 | SDPD OFFICER PIERCE,
  | SDPD OFFICER BOLLIG

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | DANIEL T. BRUMFIELD, M.D., and DAINA RYCKMAN,

Case No. 08 CV 0958 WQH NLS

11

12 | Plaintiffs

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

13 | v.

14 | SDPD OFFICER MUNOZ,
   | SDPD OFFICER DAWSON,
   | SDPD OFFIER PIERCE,
15 | SDPD OFFICER BOLLIG,
   | AMERICO A. ALBALA, M.D.,
16 | MICHAEL E. MCMANUS, M.D.,
   | And DOES 1-20 inclusive,

17

18 | Defendants.

19      Pursuant to Federal Rule of Civil Procedure 38(b), Police Officer Juan M. Munoz, Police

20   Officer Jerome V.C. Dawson, Police Officer Kevin W. Pierce, and Police Officer Allen G. Bollig,

21   ("Defendants"), hereby demand trial by jury for all issues, and answer Plaintiffs' Complaint as

22   follows:

23                          **JURISDICTION**

24      1.      The allegations set forth in paragraph 1 constitute conclusions of law to which no

25   response is required. To the extent that a response is required, said allegations are denied.

26   Defendants admit this Court has jurisdiction.

27                             **VENUE**

28      2.      Defendants admit venue is proper.

1

## GENERAL ALLEGATIONS

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 3, and therefore deny the allegations therein.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4, and therefore deny the allegations therein.

5.     Defendants admit that they are employed by The City of San Diego as Police Officers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 5, and therefore deny the allegations therein.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first sentence of paragraph 6, and therefore deny the allegations therein. The remaining allegations set forth in paragraph 6 constitute Plaintiffs' characterizations of their lawsuit and require no response. To the extent that a response is required, said allegations are denied.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7, and therefore deny the allegations therein.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8, and therefore deny the allegations therein.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9, and therefore deny the allegations therein.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10, and therefore deny the allegations therein.

## FACTUAL ALLEGATIONS

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 11, and therefore deny the allegations therein.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 12, and therefore deny the allegations therein. Further, the allegations set forth in paragraph 12 appear to constitute Plaintiffs' characterizations

2

of an ARJIS crime map website, which speaks for itself, is the best evidence of its contents and requires no response.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 13, and therefore deny the allegations therein.

14.    Defendants admit that officers from the San Diego Police Department responded to a call from the Brumfield residence on or about May 28, 2007 and left after conducting a brief investigation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 5, and therefore deny the allegations therein.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first sentence of paragraph 15, and therefore deny the allegations therein. Defendants admit that on May 28, 2007 a person identifying himself as Dr. Brumfield called 911 at 2:51 p.m. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 15, and therefore deny the allegations therein.

16.    Defendants admit that on May 28, 2007 a person identifying herself as Mrs. Brumfield spoke with a 911 operator at or around 2:51 p.m. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 16, and therefore deny the allegations therein.

17.    Defendants admit that Mrs. Brumfield advised the 911 operator that there was a gun in the home. Defendants admit that the 911 dispatcher told Mrs. Brumfield to wait outside for the police. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 17, and therefore deny the allegations therein.

18.    Defendants admit that Mrs. Brumfield advised the 911 operator that they had set off an indoor fogger in the basement of the residence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 18, and therefore deny the allegations therein.

3

1       19.    Defendants admit that at least five police vehicles and a helicopter responded to

2   the 911 call. Defendants admit that a request was made over the helicopter PA system that Mr.

3   Brumfield come out of the residence as Mrs. Brumfield had the home telephone in her possession

4   outside of the residence. Defendants admit that at least one police officer drew his weapon as Mr.

5   Brumfield walked out of the residence. Defendants admit that after searching Mr. Brumfield he

6   was found to not have a weapon on his person. Defendants admit that a handgun loaded with six

7   cartridges in the cylinder was located on top of a dresser in the master bedroom. Defendants deny

8   they used excessive force on Plaintiff Brumfield. Defendants are without knowledge or

9   information sufficient to form a belief as to the truth of the remaining averments set forth in

10  paragraph 19, and therefore deny the allegations therein.

11      20.    Defendants admit that Plaintiff Ryckman and an unleashed dog approached the

12  officers while they were attempting to handcuff Plaintiff Brumfield. Defendants admit that

13  Plaintiff Ryckman was placed in handcuffs and advised that she was being detained for violation

14  of Penal Code §148. Defendants admit that Plaintiff Ryckman was placed in the back of a police

15  vehicle and subsequently released at the scene. Defendants admit that Plaintiff Ryckman was not

16  booked or charged with a crime on May 28, 2007. Defendants are without knowledge or

17  information sufficient to form a belief as to the truth of the remaining averments set forth in

18  paragraph 20, and therefore deny the allegations therein.

19      21.    Defendants admit that Mr. Brumfield was taken to County Mental Health pursuant

20  to Welfare and Institutions Code §5150. Defendants admit that Mrs. Brumfield was not allowed

21  to ride in the police vehicle with Mr. Brumfield pursuant to San Diego Police Department policies

22  and procedures. Defendants are without knowledge or information sufficient to form a belief as to

23  the truth of the remaining averments set forth in paragraph 21, and therefore deny the allegations

24  therein.

25      22.    Defendants are without knowledge or information sufficient to form a belief as to

26  the truth of the remaining averments set forth in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, and 30,

27  and therefore deny the allegations therein.

28  / / /

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unreasonable (warrantless) Seizure**
**By Plaintiff Brumfield against Defendants Munoz, Dawson and Pierce**

23.     Defendants Munoz, Dawson and Pierce re-assert and incorporated by reference their responses to paragraphs 1 through 30 as though fully set forth herein.

24.     Defendants Munoz, Dawson and Pierce deny the allegations set forth in paragraphs 32, 33, 34, 35 and 36.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unreasonable Seizure: Excessive Force**
**By Plaintiff Brumfield against Defendants Munoz, Dawson and Pierce**

25.     Defendants Munoz, Dawson and Pierce re-assert and incorporated by reference their responses to paragraphs 1 through 36 as though fully set forth herein.

26.     Defendants Munoz, Dawson and Pierce deny the allegations set forth in paragraphs 38, 39, 40, 41 and 42.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unreasonable (warrantless) Seizure**
**By Plaintiff Daina Ryckman against Defendants Pierce and Bollig**

27.     Defendants Pierce and Bollig re-assert and incorporated by reference their responses to paragraphs 1 through 42 as though fully set forth herein.

28.     Defendants Pierce and Bollig deny the allegations set forth in paragraphs 44, 45, 46, 47 and 48.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unreasonable Seizure: Excessive Force**
**By Plaintiff Brumfield against Defendants Pierce and Bollig**

29.     Defendants Pierce and Bollig re-assert and incorporated by reference their responses to paragraphs 1 through 48 as though fully set forth herein.

30.     Defendants Pierce and Bollig deny the allegations set forth in paragraphs 50, 51, 52, 53 and 54.

/ / /

/ / /

5

**FIFTH CLAIM FOR RELIEF**
**Professional Negligence – Medical Malpractice**
**By Plaintiff Brumfield against Defendants Albala and McManus only**

31.    Paragraphs 55, 56, 57, 58 and 59 are not directed at Defendants and therefore no response is required. To the extent that a response is required, said allegations are denied.

**AFFIRMATIVE DEFENSES**

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, Defendants allege as follows:

**I**

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

**II**

Defendants acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

**III**

Defendants are not liable for punitive damages.

**IV**

Defendants are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**V**

Defendants are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

**VI**

Defendants are not liable for the execution or enforcement of the California Penal Code or California Welfare and Institutions Code where due care is exercised.

**VII**

Defendants are not liable for violation of the Plaintiffs' civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

6

**VIII**

At the time of the contact, Defendants attempted to persuade Plaintiffs to follow directions and in doing so, only used force necessary for the occasion.

**IX**

Plaintiffs themselves were negligent in and about the matters alleged in the Complaint and said carelessness on their own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

**X**

Defendants were at all times alleged in the Complaint performing duties required by law under conditions required by law.

**XI**

Any and all acts of Defendants at or near the time alleged in the Complaint were reasonable and said Defendants had reasonable cause to act in the manner they did.

**XII**

At the time of the initial contact, Defendants were acting within the scope of their employment and had probable cause to believe Plaintiffs were engaging in, or had just engaged in, a prohibited activity. During the contact, Defendants were acting within the scope of their employment and had probable cause to believe that said Plaintiffs had committed either a felony or misdemeanor in their presence, and also that Plaintiffs presented a danger to both the officers and to others.

**XIII**

Defendants are immune from liability pursuant to the provisions of Government Code Sections 820.2, 820.4, 820.6, 821.6 and 856(a)(1).

**XIV**

Defendants are immune from liability pursuant to the provisions of Welfare & Institutions Code Section 5278.

/ / /

1    WHEREFORE, these answering Defendants pray judgment as follows:

2        1.  Plaintiffs take nothing by their Complaint;

3        2.  Defendants receive their costs of suit incurred herein; and

4        3.  Such other relief as the court deems proper.

5    Dated: June 30, 2008                    MICHAEL J. AGUIRRE, City Attorney

6

7                                    By   /s/Jane M. Boardman
                                              JANE M. BOARDMAN
8                                             Deputy City Attorney

9                                    Attorneys for Defendants
                                     SDPD OFFICER MUNOZ,
10                                   SDPD OFFICER DAWSON,
                                     SDPD OFFICER PIERCE,
11                                   SDPD OFFICER BOLLIG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL T. BRUMFIELD, M.D, and DAINA RYCKMAN, | Case No.:  08 CV 0958 WQH NLS |
| Plaintiffs | CERTIFICATE OF SERVICE |
| v. | |
| SDPD OFFICER MUNOZ, SDPD OFFICER DAWSON, SDPD OFFIER PIERCE, SDPD OFFICER BOLLIG, AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D., And DOES 1-20 inclusive, | |
| Defendants. | |

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action; and that I served upon Plaintiff the following documents:  DEFENDANTS'ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES,

in the following manner:

By electronic filing, I served each of the above referenced documents by E filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California; and

By mail. I caused the above referenced documents to be mailed through the United States Postal Service to Plaintiff at the following address:

Keith H. Rutman (CSB #133175)
Attorney at Law
402 West Broadway, Suite 2010
San Diego, California  92101-8516
Tel:  (619) 237-9072
Fax:  (619) 454-4372
Email:  krutman@krutmanlaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 30, 2008, at San Diego, California.

 /s/ Jane M. Boardman
JANE M. BOARDMAN
jboardman@sandiego.gov