DENNIS K. AMES, ESQ.  Bar No. 81460
JOHN C. LENDER, ESQ.  Bar No. 221733
LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES
2677 N. Main Street, Suite 901
Santa Ana, CA 92705
(714) 558-7008

Attorneys for Defendant,
AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL T. BRUMFIELD, M.D. and DAINA RYCKMAN,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SDPD OFFICER MUNOZ, SDPD OFFICER DAWSON, SDPD OFFICER PIERCE, SDPD OFFICER BOLLIG, AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D., and DOES 1-20 inclusive,<br><br>　　　　　Defendants. | CASE NO.  08 CV 0958WQH NLS<br><br>*Assigned for All Purposes to:*<br>Honorable William Q. Hayes<br>Courtroom 4<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D., FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)**<br><br>DATE:　　August 25, 2008<br>TIME:　　11:00 a.m.<br>DEPT:　　Courtroom 4 |

I.

### THE PROBABLE CAUSE STANDARD

### CITED BY PLAINTIFF DOES NOT APPLY TO

### DEFENDANTS DR. ALBALA AND DR. MCMANUS

　　Plaintiff Brumfield references several cases concerning the "probable cause" standard as applied to *Welfare & Institutions Code* Section 5150. However, these cases and the probable cause standard cited by Brumfield do not apply to defendants Dr. Albala and Dr. McManus. A clear reading of Section 5150 shows that the "probable cause" requirement applies to the peace

---

**REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS
AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D.**

1  officer or other person who takes someone into custody. Neither Dr. McManus nor Dr. Albala
2  apprehended Brumfield and/or brought him into custody. Instead, Dr. Albala and Dr. McManus
3  were merely treating physicians at such facilities. Therefore, the question as to whether there
4  was "probable cause" to initially detain Brumfield and transport him to a mental health facility is
5  not relevant to the alleged liability on the part of Dr. McManus and/or Dr. Albala.

6                                         II.

7          **PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THAT**
8         **DEFENDANTS DR. ALBALA AND DR. MCMANUS PRESENTED**
9         **FALSE INFORMATION FOR THE DETAINMENT OF PLAINTIFF**

10         Brumfield alleges in the Complaint that defendant Dr. McManus was provided with facts
11 that were not accurate, including facts that Brumfield had "(1) barricaded Mrs. Brumfield in the
12 house; (2) discharged three cherry bombs inside the home; and (3) discharged a firearm in the
13 house." (Complaint, Page 6, Lines 15-17). The Complaint also contains an allegation that "had
14 defendant Albala properly investigated the underlying facts and properly examined, treated and
15 diagnosed Dr. Brumfield, he would have released Dr. Brumfield immediately." (Complaint,
16 Page 7, Lines 13-15).
17         Brumfield now asserts a theory in the opposing papers that defendants Dr. Albala or Dr.
18 McManus may have "deliberately or recklessly" provided false information to the hearing officer
19 in relation to Brumfield's detention. (See Opposition, Page 7, Lines 14-16). Brumfield then
20 attaches to his opposition a copy of what appears to be a Certification Review Hearing Findings
21 and Order. This document shows that a hearing officer concluded that on June 1, 2007,
22 Brumfield was a danger to others, was gravely disabled, and had a mental disorder. This
23 document works to support moving defendants' theory that the detention and treatment of
24 Brumfield was appropriate and lawful.
25 ///
26 ///
27 ///
28

**REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS
AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D.**

## III.

## DEFENDANTS DR. ALBALA AND DR. MCMANUS ARE EXEMPT FROM LIABILITY, PURSUANT TO WELFARE & INSTITUTIONS CODE § 5154, AND § 5278

The exemptions and immunities applicable to Dr. McManus and Dr. Albala are cited in pertinent part in the moving papers. These code sections, along with *Heater v. Southwood Psychiatric Center* (1996) 42 Cal.App.4th 1068, provide immunities for Dr. Albala and Dr. McManus.

Brumfield tries to draw a distinction with language from *Heater v. Southwood Psychiatric Center*. For example, Brumfield relies upon a hypothetical scenario stated in *Heater v. Southwood Psychiatric Center*, where a healthcare provider authorized to commit persons to 72 hour detentions could use the power to punish a child, spouse or quarrelsome neighbor. In such cases, the immunities of § 5154 and § 5278 may not apply. (See Opposing papers, Page 5, Lines 17-21). In this case, there are no allegations that either Dr. McManus or Dr. Albala had personally known Brumfield prior to his detention, nor are there any allegations that the defendants attempted to punish Brumfield for any personal reasons. The language stated in *Heater v. Southwood Psychiatric Center* and referenced in the moving papers could not be more clear, that treating psychiatrists shall not be held civilly or criminally liable for any detention as permitted under § 5150, § 5152, and/or § 5250.

## IV.

## CONCLUSION

For the foregoing reasons, defendants Dr. Albala and Dr. McManus respectfully request

///
///
///
///
///

REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS
AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D.

1 | that this court dismiss this action as to these two defendants, pursuant to FRCP 12(b)(6).

2

3 | DATED: August 15, 2008

4 | LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES

6 | /s/   JOHN C. LENDER

7 | BY:_____
DENNIS K. AMES
8 | JOHN C. LENDER
Attorneys for Defendants,
9 | AMERICO A. ALBALA, M.D., MICHAEL E. MCMANUS, M.D.

---

**REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS
AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D.**

**PROOF OF SERVICE**
(C.C.P. §1013(a) and §2015.5)

STATE OF CALIFORNIA   )
                     )
COUNTY OF ORANGE   )

I, am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of La Follette, Johnson, De Haas, Fesler & Ames, 2677 N. Main Street, Suite 901, Santa Ana, California 92705.

On August 15, 2008, I served the within document entitled **REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D., FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)** on all interested parties in this action by placing [ ] the original [ ] a true copy thereof, enclosed in a sealed envelope addressed as follows:

[ ]   **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[X]   United States District Court electronic filing service.

[ ]   **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the office(s) of the addressee(s).

[ ]   **VIA FACSIMILE** - I transmitted to the above-named person(s), at the FAX number(s) listed above, the above-named document, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported.

[ ]   **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 15, 2008, at Santa Ana, California.

*/s/ Linda Hall*
LINDA HALL

---

REPLY TO OPPOSITION TO MOTION TO DISMISS AS TO DEFENDANTS
AMERICO A. ALBALA, M.D. AND MICHAEL E. MCMANUS, M.D.